IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| CATHERINE BENN | CIVIL ACTION NO. 1:06-cv-766-HSO-JMR |
| WILLIAM CARMICHAEL | CIVIL ACTION NO. 1:06-cv-775-HSO-JMR |
| BOBBY J. HUNTER | CIVIL ACTION NO. 1:06-cv-796-HSO-JMR |
| ROGER L. JOHNSON | CIVIL ACTION NO. 1:06-cv-797-HSO-JMR |
| JANICE LOTT | CIVIL ACTION NO. 1:06-cv-800-HSO-JMR |
| JOE E. SIMMONS JR. | CIVIL ACTION NO. 1:06-cv-824-HSO-JMR |
| BOBBY WARD | CIVIL ACTION NO. 1:06-cv-837-HSO-JMR |
| SHURNA WINBUSH | CIVIL ACTION NO. 1:06-cv-842-HSO-JMR |
| FRANK A. BRIDGES | CIVIL ACTION NO. 1:06-cv-768-HSO-JMR |
| ARTHUR BURNEY | CIVIL ACTION NO. 1:06-cv-772-HSO-JMR |
| RUBY S. CAMPBELL | CIVIL ACTION NO. 1:06-cv-774-HSO-JMR |
| ROBERT COMBEST | CIVIL ACTION NO. 1:06-cv-778-HSO-JMR |
| BENNIE E. EDWARDS | CIVIL ACTION NO. 1:06-cv-783-HSO-JMR |
| PATRICIA A. MINGO | CIVIL ACTION NO. 1:06-cv-806-HSO-JMR |
| CARLA D. NETTLES | CIVIL ACTION NO. 1:06-cv-809-HSO-JMR |
| BETTY N. ROGERS | CIVIL ACTION NO. 1:06-cv-819-HSO-JMR |
| BERNISTEEN WARD | CIVIL ACTION NO. 1:06-cv-836-HSO-JMR |
| JAMES E. ANDERSON | CIVIL ACTION NO. 1:06-cv-764-HSO-JMR |

**PLAINTIFFS**

v.

NORTHROP GRUMMAN SHIP SYSTEMS, INC.

**DEFENDANT**

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF
COURT'S ORDER OF MARCH 7, 2008**

Pursuant to this Court's March 7, 2008 Order, and in response to Defendant's March 12, 2008 letter to the Court, Plaintiffs submit this memorandum regarding the status of the arbitrations to be held pursuant to the settlement agreement in these matters.

**Execution of the Agreement**

Sixty-three of the sixty four plaintiff parties to the Settlement Agreement have executed the agreement, and their original signatures, along with those of Plaintiffs'' counsel, have been forwarded to Defendant's counsel. Plaintiff's counsel is diligently attempting to obtain the final Plaintiff's signature. Plaintiff's counsel have received no copies of the agreement executed by Defendants, but were notified that all required signatures have been obtained.

Initially, Mr. Eason, lead counsel for the Defendant insisted that nothing regarding implementation of the settlement could go forward until all of the signatories to the agreement had signed the agreement. Arrangements were made to have all of the signatory Plaintiffs sign the agreement at a meeting that was to be held on January 27, 2008. Many, but not all of the signatory Plaintiffs attended that meeting, and after the meeting, there remained nine persons who were to execute the agreement. However, all of the signatures that were obtained at that meeting were forwarded to Mr. Eason. Counsel for the Plaintiffs then endeavored to have the remaining persons execute the agreement. Of the nine persons who remained, all but one of these Plaintiffs have signed the agreement and those pages have been forwarded to Mr. Eason. The obtaining of 63 or the 64 signatures was accomplished in three weeks.

Repeated attempts to reach the remaining Plaintiff, Ernest Buckhalter, have not been fruitful because he had apparently moved from his former address, and he may have been hospitalized for part of this period. Plaintiffs' Counsel has recently obtained Mr. Buckhalter's new address, and has sent a letter asking him to execute the agreement and to forward it to Mr. Eason. In addition, Counsel is enlisting the aid of other Plaintiffs in obtaining Mr. Buckhalter's signature.

**Arbitrator(s) Selection**

Paragraph 2 of Exhibit A to the Settlement Agreement provides a three-step process for the selections of arbitrators. If the parties cannot agree on three arbitrators through initial discussions, Magistrate Judge Roper will make recommendations. If the parties still cannot reach agreement, arbitrators will be selection pursuant to the Judicial Arbitration and Mediation Service (JAMS) Employment Arbitration Rules and Procedures, Rule 15. The parties have been unable to reach agreement, and now request this court to assist us as set forth in the Agreement.

Plaintiffs settled this case with the expectation that they would be submitting their claims to experienced labor/employment arbitrators. Accordingly, during Settlement negotiations, Plaintiff's counsel made it clear that Plaintiffs were agreeing to individual arbitrations, and intended to engage arbitrators with labor and employment experience, and did not wish to engage retired or senior federal judges. Indeed, Defendant's language referring to the possibility of engaging senior or retired federal judges was excised from the agreement during negotiations. Plaintiffs agreed to arbitrations, not bench trials. Nonetheless, all four of Defendants proposed arbitrators are either present or former federal judges. And Defendants have refused to submit any proposed labor/employment arbitrators.

Moreover, given the non-appeal ability of the arbitration decisions, Plaintiffs believe that considerable time expended in research and discussions regarding the qualifications and backgrounds of the proposed arbitrators, who will be determining the outcome of 64 cases over 18 months, is time well spent.

Notwithstanding Defense counsel's initial insistence that complete execution of the agreement was necessary prior to implementation of the provisions of the Agreement, the Parties exchanged lists of arbitrators on February 14, 2008. Counsel for the Plaintiff compiled a list of well-respected arbitrators, which was racially, geographically, and gender diverse, with a range of party representational experience and with extensive

experience in labor and employment issues.  Obviously, the compilation of such a list took some time.  Mr. Eason presented a list of two senior federal judges and two retired federal White judges from Mississippi, Louisiana, and Alabama.

During discussions concerning acceptance *vel non* of persons on the lists exchanged, Mr. Eason suggested that each party select one of the four persons **he** had selected from the lists.  His proposal contemplated only two arbitrators.  That proposal was rejected, and later Mr. Eason suggested that he would pick two persons from the Plaintiffs' list and the Plaintiffs' would then pick from one of two federal judges.  Plaintiffs' counsel reiterated that they did not contemplate federal judges as arbitrators, and that if alacrity was an overwhelming concern, Defendants could choose from among the labor/employment arbitrators on Plaintiff's list.  Otherwise, Defendants could propose another list, this time containing labor/employment arbitrators.  Positions were finalized on March 11, 2008, and the parties agreed to proceed to the second step set forth in Exhibit A, paragraph 2 of the Settlement Agreement.

On Wednesday, March 12, 2008, Mr. Eason sent an e-mail with a letter attached, addressed to Magistrate Judge Roper, concerning the status of the selection process.  For the reasons set forth above, Plaintiffs object to Defendant's inference that Plaintiffs are at fault for the delay in reaching agreement on the selection of arbitrators.   Indeed, Defendant's failure to nominate persons with labor/employment arbitration experience has prolonged the process.  However, Plaintiffs join Defendants in requesting that this court provide recommendations as set forth in Exhibit A, paragraph.  If the parties are unable to reach agreement following the court's nominations, Plaintiffs are prepared to go forward with step three of the process set forth the in Settlement Agreement, selection of arbitrators through the JAMS Employment Arbitration Rules and Procedures, Rule 15.

Dated:  March 13, 2008                                          Respectfully submitted,

SANDRA JARIBU HILL, Esq.
ERRICK D. SIMMONS
Mississippi Workers Center for
    Human Rights


WILLIAM C. McNEILL, III, Esq.
DENISE M. HULETT, Esq.
SHELLEY A. GREGORY, Esq.
The Legal Aid Society-Employment
Law Center


Counsel for Plaintiffs


By:   /s/ William C. McNeill, III
      WILLIAM C. McNEILL, III, Esq.


William C. McNeill, III, Esq., MS Bar No. 42867, *Pro Hac Vice*
Denise M. Hulett, Esq., MS Bar No. 44672, *Pro Hac Vice*
Shelley A. Gregory, Esq., MS Bar No. 43443, *Pro Hac Vice*
The Legal Aid Society – Employment Law Center
600 Harrison Street, Suite 120
San Francisco, California 94107
(415) 864-8848

Sandra Jaribu Hill, Esq., MS Bar No. 10684
Mississippi Workers Center for Human Rights
213 Main Street
P.O. Box 1223
Greenville, Mississippi 38702-1223
(662) 334-1122

## CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2008, I electronically filed the foregoing with the Clerk of the Court using the ECF System which sent notification of such filing to the following: Maria Candace Burnette; Paul B. Eason; William Davis Frye; Adam H. Gates; Joan L. Lucas; and Scott W. Pedigo.

I hereby certify that I have mailed by United States Postal Service the documents to the following non-ECF participants:

/s/ Mary Broughton
Mary Brougnton